*240 The opinion of the Court was drawn up by
Kent, J.
The bill sets forth in substance that John W. Tebbetts and William Eish, jr., being owners as tenants in common of a certain parcel of land, mortgaged the same, on the 28th of March, 1855, to John A. Parks to secure $2180. On the 25th of December, 1855, they made a second mortgage of the same premises to Spaulding Smith to secure $4000. Both these mortgages were assigned to the respondent, one in April, and the other in November, 1859, and both before the filing of this bill.
The plaintiff claims the right to redeem, and bases this right on a claim to represent the right of John W. Tebbetts, one of the mortgagers. The bill sets forth — that the right of equity to redeem, which was originally in Tebbetts & Eish, became divided by Tebbetts’ mortgage deed to Philbrook of the one half of the premises in common, and also of another lot, to secure $1500 and other liabilities. The deed was given June 6, 1857, and the bill alleges that this mortgage .was assigned to the complainant on May 14th, 1860, by Philbrook, and that, on the 16th of the same May, Tebbetts conveyed by quitclaim all his right in both parcels named in this latter, mortgage to the complainant.
The bill also sets forth that Fish declines to join in the redemption, and in the prosecution of this bill therefor, and that therefore he is made a defendant. It also sets forth a demand for an account, and a refusal to render any. The claim set forth is a right to redeem the whole premises, and to hold the same in default of contribution by Eish or his heirs or assigns.
The respondents severally enter a general demurrer to the bill.
There is another allegation in the bill in relation to the interest of Eish, showing the severance of his interest, by a deed to the defendant, Farrington, on the 12th of November, 1859, of all his interest in an undivided moiety of the premises, and a bond of same date to him from Farrington, conditioned to reconvey to Fish one half undivided of the *241 premises conveyed in the deed. It is contended that this still left Fish interested, so that he could properly be made a party to the bill.
Two questions are raised in the arguments—
1. Has the complainant set out such a right and interest in himself as enables him to redeem? The deed to Phil-brook was clearly a mortgage, to secure $1500 and certain specified liabilities of Philbrook, assumed by him for Tebbeti’s use and benefit. We see nothing in the language of this deed to distinguish it from the usual form of mortgage deeds. But it is said that the complainant has not shown title in himself through this deed, as he does not in his bill, allege that the assignment was acknowledged and recorded. The bill states that " Philbrook by Ms assignment in writing on said deed, sealed with his seal, dated May 14, 1860, in consideration of $6000 conveyed and assigned unto your orator all his right, title and interest in the same, together with the notes secured thereby and all liens on the premises, and all claims of the said Philbrook in and to the same. All voMch will more fully appear by said mortgage deed and the assignment thereon, when produced in Court.”
We are at a loss to perceive why this language is not sufficient to set forth a claim of an assignment duly made. It is not necessary to set forth minutely the mode of proof of an alleged fact. It is necessary, in a bill or declaration, to state the facts, but not all the evidence by which it is expected to prove them. In this case, it is stated, in substance, that an assignment was made by which all the right and title of Philbrook was conveyed and assigned, and reference is made to the deed where that fact will fully appear, when produced in Court. If it does not appear in proof on the exhibits or otherwise, then the defendant may well object to any want of acknowledgment or recording which may be apparent. The complainant says that this mortgage has been assigned to him, and says he can and will prove it by his deed, when produced, at the proper time. We can *242 not sustain the demurrers on this ground; but the complainant may, if so advised, amend by inserting a more full and exact statement in reference to the acknowledgment and recording.
2. It is objected that Fish is not properly made a party defendant. It is clear that, if he is a party at all, he must be as defendant, as the bill alleges that he refuses to join as complainant.
. It is urged that, before the bill was filed, he had parted with all his interest to the defendant, by deed, and that the bond given back was not a defeasance, but simply a personal obligation, and left him without any right or interest in the premises or their redemption.
The argument is, that Fish having, no interest in the matter was improperly made a party, and that as to him the demurrer must be sustained. It is not necessary, in the view we take, to decide absolutely at this time whether the bond creates a mortgage or not. The deed and bond, as .set forth in the bill, clearly show an interest in Fish, and at least a right to a reconveyance of the land on a performance of the condition. The complainant alleges' that he has not the bond or a copy, as the same has not been recorded. It is one of the things which he expects, we presume, to call out in the answer. If we regard the deed and bond as not constituting a mortgage, yet it may be true that Fish did within the year obtain a reconveyance, or since that time by consent of Farrington.- We do not think that there is enough disclosed at present to show that'Fish has no such interest as justifies the joining him in the bill. If may appear hereafter, when all the facts are developed, that he has no such interest. It is suggested in the argument of 'the defendants’ counsel, that Fish, did not fulfil the conditions of the bond within the year, and, considering his right lost, surrendered the bond. The plaintiff’s counsel, on the other hand, says that Fish has redeemed and obtained a reconveyance to himself. We must take the allegations in the *243 bill only, in considering the questions on the demurrer. We-think the facts stated are sufficient to call for answers, and therefore we overrule the demurrers.

Demurrers of both defendants overruled.

Tenney, C. J., Rice, May, Goodenow and Davis, JJ., concurred.